FAIRBANKS, Assignee, *v.* AMOSKEAG NAT. BANK.

(*Circuit Court, D. New Hampshire.* March 1, 1887.)

1. MANDAMUS—NOTICE.
No peremptory *mandamus* can issue without notice in some form to the defendant, or a waiver of notice by appearance.
2. SAME—CERTIORARI—ONE WRIT.
*Certiorari* and *mandamus* cannot be joined in one writ.

Decision on Motion to Quash writ of *mandamus* and *certiorari*.

This was a writ to Daniel Clark, judge, and Benj. F. Clark, clerk, of district court of New Hampshire, commanding them to perfect a record in the district court by entering on the docket the term when an opinion was filed in the above case.

*C. R. Morrison* and *Briggs & Huse*, for complainant.
*Wood & Clark*, for defendant.

COLT, J. I am satisfied that the motion to quash must prevail, upon the grounds—*First*, of want of notice on the part of the defendants; and, *second*, because the writ is irregular in form, it being a compound writ of *mandamus* and *certiorari*. These two objections are so clear on reason and authority that it is unnecessary to enlarge upon them.

The rule is well established in this country that no peremptory *mandamus* shall issue without notice in some form to the defendant, or a waiver of notice by an appearance. The wisdom of this rule is well illustrated in this case; for surely this court ought not to command a judge of the district court (assuming it has the power in such a case) to do that which he says would be false, without notice to him, and opportunity to be fully heard.

As to the second ground, there seems to be no precedent for combining writs of *certiorari* and *mandamus*. Each being distinct, and having its prescribed functions, it would be irregular to join both in one writ. Such a course may lead to much confusion, for rules which apply to one writ may not apply to the other; whereas, if each is kept distinct, we can deal with it according to the rules of procedure which are applicable to it.

Motion to quash sustained.